The Supreme Court reversed the decision of the Court below on May 6, 1863, in the following opinion by
Thompson, J.
The real estate to which the income from the trust fund in controversy is to be applied, was devised by Mrs. Hannah Stokes, deceased, to St. Luke’s Church of Germantown. The devise is as follows:
“I give and devise the said messuage and lot of ground with the appurtenances unto St. Luke’s Church, of Germantown, and their successors, for the sole use and benefit of said church, and not to be disposed of; and if at any time the same shall be directly or indirectly disposed of, then this devise shall become void, and then and immediately therefrom, I do devise the said premises together with the sum of $500 raised thereout to James Stokes, son of Charles M. Stokes, and Hannah Stokes Biddle, daughter of Anna H. Biddle, deceased, and their heirs and assigns forever, in equal shares.”
Following this is the bequest of the fund in controversy in trust to “apply the interest or annual rent (if invested in ground rents) to the keeping in repair the said messuage'at all times.”
Is this such an active trust as it is necessary to keep on foot, or is it such a mere nominal dry trust as may be regarded as executed in the beneficiary, the church ? This is the sole question in the case, and the Court below decided to sustain the first propsition, and held it to be a continuing trust. Wherefore, let us inquire.
We think it not necessary for the purpose of transmission to the contingent devisees for the reason that a fee simple in the lot of ground and messuage was devised to the church. The provision against alienation is simply void, Walker vs. Vincent, 7 Har. 369; Jarman on Wills, Sec. 810. As a restriction on the fee granted, it is also void on the principle of Reifsnyder vs. Hunter, 7 Harris 41.
The devise over on the contingency of alienation, is not a contingent remainder, nor is it a contingent remainder by way of ex-ecutory devise. It is too remote and uncertain. It does not appear that it must take place if it takes place at all within a life or lives in being, and twenty-one years and nine months after- *288 wards. The rule that it may exceed this period of time is fatal to it. 6 Cruise Dig. 320. Thus the devise to the church was a fee, and after the sum of $500 was realized it became the property of the church by a unity of title and possession. The do minion over it was complete in the devisees. The trust was not necessary therefore to pass the money to the person named when the real property should pass, for that could not take place.
Is it necessary to be sustained for investment and payment over of the annual income ? The fund is equitably the property of the cestui que trust. It can go nowhere else. Now, why cannot the trustees of the church handle it for the benefit and in care of the church as well as the testamentary trustees ? The latter are invested with no discretion of the investment, which is made. They cannot withhold payment of the annual income, and they have no power to lay it out in repairs for they have no right to meddle with the property to be repaired. They have no duties to perform, but to receive the interest on the money and hand it over, and in neither of these acts, have they a particle of discretion. I therefore think that the use and trust should have been considered executed in the cestui que trust, and it being but a dry trust the testamentary trustees are thus dispensed with. Bush’s Appeal, 9 Casey 85. The authorities under the church corporation were trustees for the church and were authorized and required to repair. There was no necessity therefore to maintain the trust for this purpose. We think the Auditor was right in his first report, and that the decree of the Orphans’ Court must be set aside.
And now to wit: May 6, 1863, this case having been argued by counsel and considered by the Court, it is hereby ordered and decreed that the decree of the Orphans’ Court of Philadelphia confirming the report of the Auditor in this case be reversed and set aside.; and it is further ordered and decreed that the sum of $566.31 remaining in the hands of Wyndham H. Stokes, surviving trustee under will of Hannah Stokes, after paying costs and expenses of the audit by him, be by him paid-to the proper officer of St. Luke’s Church of Germantown, and that the costs of this Appeal be paid out of the trust fund.